IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT B. MILES, <br> TDCJ #536884, <br> <br> Plaintiff, <br> <br> v. <br> <br> TEXAS BOARD OF PARDONS <br> AND PAROLES, *et al.*, <br> <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-09-3193 |

## **MEMORANDUM AND ORDER**

The plaintiff, Robert B. Miles (TDCJ #536884), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Miles has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with the revocation of his parole. Miles appears *pro se* and he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

**I.   BACKGROUND**

Court records show that Miles was convicted of aggravated robbery and sentenced to imprisonment in TDCJ. Some time thereafter, Miles was released from prison and placed on parole. Miles reports that his parole was revoked, most recently, on October 17, 2007,

after he failed a routine polygraph examination that he was required to take pursuant to the conditions of his release. Miles remains in custody at the Ferguson Unit in Midway, Texas.

Miles does not challenge any of his underlying convictions here. In his pending civil rights complaint, Miles complains that his parole was revoked improperly by the Texas Board of Pardons and Paroles and the TDCJ Parole Division because he was wrongfully required to comply with conditions of supervised release intended for sex offenders. Miles complains that he is not a sex offender. He objects that the sex offender conditions were imposed on his parole as the result of a "juvenile rape adjudication." Miles insists that this offense was not a valid conviction for purposes of imposing sex offender conditions. He maintains, therefore, that the Parole Board erred by requiring him to comply with the sex offender conditions of release and that his parole should not have been revoked.

Miles seeks declaratory and injunctive relief from the revocation of his parole. He also seeks compensatory and punitive damages from the Texas Board of Pardons and Paroles as well as the TDCJ Parole Division for the parole revocation. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.     STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim

upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.  DISCUSSION

The only defendants named in the complaint are the Texas Board of Pardons and Paroles and the TDCJ Parole Division. As agencies of the State of Texas, the Eleventh Amendment to the United States Constitution bars any claim for monetary relief against these defendants.[1] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *see also McGrew v. Texas Bd. of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) ("The Texas Board of

---

[1]  The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Thus, federal court jurisdiction is limited by the Eleventh Amendment and the principle of sovereign immunity that it embodies. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Vogt v. Board of Comm'rs, Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002).

Pardon and Paroles, a division of the Texas Department of Criminal Justice, is cloaked with Eleventh Amendment immunity.").[2]

To the extent that Miles challenges his parole revocation, his complaint is also barred by the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Supreme Court held that a plaintiff may not bring a claim for damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he first proves that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 486-87. A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Miles' complaint about the conditions of his supervised release would, if true, necessarily imply the invalidity of his parole revocation. Miles does not show his parole revocation has been invalidated or otherwise set aside by an authorized state tribunal or by

---

[2] The complaint does not name any individual parole officer or official as a defendant. Parole officers and officials are also entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers. *See Hulsey v. Owens*, 63 F.3d 354, 356-57 (5th Cir. 1995); *Walter v. Torres*, 917 F.2d 1379, 1384 (5th Cir.1990).

a federal habeas corpus proceeding under 28 U.S.C. § 2254. Absent a showing that the disputed parole revocation has been invalidated or set aside, the rule in *Heck* precludes any claim for damages. *See Littles v. Board of Pardons and Paroles Division*, 68 F.3d 122, 123 (5th Cir. 1995) (holding that the rule in *Heck* applies to complaints about the fact or duration of parole); *see also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995). Any claim for declaratory or injunctive relief is likewise barred by the rule in *Heck*. *See Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998). It follows that Miles' civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time and that his complaint must be dismissed with prejudice.[3] *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

### IV. <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Robert B. Miles (TDCJ #536884) and forward them to the

---

[3] As Miles concedes, he has filed a federal habeas corpus proceeding to challenge his parole revocation in this district. *See Miles v. Quarterman*, Civil No. H-09-0492 (S.D. Tex.). The petition in that case, which presents claims that are similar to the ones raised by Miles in this civil rights proceeding, remains pending at this time. Thus, there is no need to reclassify or construe the civil rights complaint as a habeas corpus petition.

>Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983 and for seeking monetary relief from defendants who are immune from such relief.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on October 7th, 2009.

_____
Nancy F. Atlas
United States District Judge